UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                                   Case No. 18-cr-131-1-SM
                                                     Opinion No. 2020 DNH 161

<u>Katie Fysh</u>

**ORDER**

Defendant's motion for "compassionate release" from incarceration under the First Step Act, 18 U.S.C. § 3582(a)(1)(A), given the COVID-19 pandemic, is properly before the court as defendant has exhausted available administrative remedies.  Doc. No. 40.

The burden is on defendant to show that she is entitled to relief, that is 1) that extraordinary and compelling reasons warrant a reduction in her sentence, and 2) such a reduction would be consistent with the sentencing factors set out in 18 U.S.C. § 3553(e) as well as Sentencing Commission Policies (though that is not strictly required under the First Step Act).

Here, the government concedes that defendant's medical conditions place her in a high-risk category should she contract COVID-19, and that defendant has met her burden to show

1

"extraordinary and compelling" reasons warranting sentence reduction. But, says the government, the sentencing factors weigh heavily against defendant's early release, particularly the danger defendant poses to the community. See 18 U.S.C. § 3142(g); USSG § 1B1.13(2).

As of August 25, 2020, two staff member, and no inmates tested positive for the virus, and risk management procedures at FCF Hazelton, where defendant is incarcerated, have been both extensive and largely successful in controlling the spread of the virus. The two staff members who tested positive do not interact with inmates. The current risk of contracting the virus is low. And, defendant's history strongly militates against release.

Defendant was convicted of conspiracy to distribute and possess with the intent to distribute the controlled substance Fentanyl, in violation of 28 U.S.C. § 846 and 841(a). She has served less than half of her 87-month sentence, has a history of recidivism (CHC III), and she has not met her burden to show that she no longer poses a danger to the safety of the community. In addition, defendant's early release would, under these circumstances, be inconsistent with the sentencing goals of promoting respect for the law, imposing a just punishment,

protecting the public, and providing for both general and specific deterrence. 18 U.S.C. § 3553(a).

## Conclusion

Given the current low risk of community spread of the virus in the facility, the danger to public safety defendant would pose if released, and the sentencing factors militating against defendant's early release, the motion for compassionate release under the First Step Act is hereby denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 16, 2020

cc: Georgiana MacDonald, AUSA
    Keren E. Goldenberg, Esq.
    U.S. Probation
    U.S. Marshal