```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                            Case No. 18-cr-131-1-SM
                                                  Opinion No. 2022 DNH 034

Katie Fysh

**ORDER**

Defendant's motion for "compassionate release" (doc. no. 48) from incarceration under the First Step Act, 18 U.S.C. § 3582(a)(1)(A), and supplemental motion (doc. no. 54), are properly before the court as defendant has exhausted available administrative remedies.

The burden is on defendant to show that she is entitled to relief, that is 1) that extraordinary and compelling reasons warrant a reduction in her sentence, and 2) such a reduction would be consistent with the sentencing factors set out in 18 U.S.C. § 3553(e) as well as Sentencing Commission Policies (though that is not strictly required under the First Step Act).

Here, the government conceded that defendant's medical conditions place her in a high-risk category should she contract COVID-19, and that defendant has met her burden to show "extraordinary and compelling" reasons warranting sentence reduction. But, says the government, the sentencing factors still weigh heavily against defendant's early release, particularly the danger defendant poses to the community. See

18 U.S.C. § 3142(g); USSG § 1B1.13(2).  And, the government adds, defendant will soon be transitioned from incarceration to a residential facility.

Defendant was convicted of conspiracy to distribute and possess with the intent to distribute the controlled substance Fentanyl, in violation of 28 U.S.C. § 846 and 841(a).  She has a history of recidivism (CHC III), and she has not met her burden to show that she no longer poses a danger to the safety of the community.  In addition, defendant's early release would, under these circumstances, be inconsistent with the sentencing goals of promoting respect for the law, imposing a just punishment, protecting the public, and providing for both general and specific deterrence.  18 U.S.C. § 3553(a).  Releasing defendant and thereby avoiding transitioning programming would also be inconsistent with the sentencing goals of promoting rehabilitation.

## Conclusion

Given the current low risk of community spread of the virus in the facility, the danger to public safety defendant would pose if released to her home early, and the sentencing factors militating against defendant's early release, the motion for compassionate release under the First Step Act, and supplemental motion, (doc. nos. 48 and 54) are hereby denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 15, 2022

cc: Georgiana MacDonald, AUSA
    Donald A. Kennedy, Esq.
    U.S. Probation
    U.S. Marshal